**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MID-AMERICA CARPENTERS REGIONAL COUNCIL, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 4:25-cv-00618-SEP |
| C. A. JONES, Inc. | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Default Judgment, Doc. [32]. For the reasons set forth below, the motion is granted.

### FACTS & BACKGROUND[1]

This is an action by the Mid-America Carpenters Regional Council, a labor organization, and five employee benefit plans and their respective boards of trustees (collectively referred to as "the Funds") against C.A. Jones, Inc. under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132, and the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185. Doc. [1] at 1. Plaintiffs allege that Defendants failed to make all obligated contributions to the Funds and to forward to the Union all the deducted fees. Doc. [1] at 5-7, 10.

C.A. Jones was served with the Complaint on May 2, 2025, and did not respond by the deadline of May 23, 2025. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Plaintiffs thereafter moved for entry of default, and the Clerk of the Court entered C.A. Jones's default on June 18, 2025. Docs. [11], [17]. Plaintiffs moved for default judgment to compel an accounting for the amounts due and owing to Plaintiffs for the period of January 1, 2021, to May 31, 2025. Docs. [12], [24].

In response to Plaintiffs' motion for entry of default, C.A. Jones entered a limited appearance to contest personal jurisdiction. Docs. [14], [15], [16]. Defendant's attorney was not a member of the Eastern District of Missouri bar and was not eligible for pro hac vice admission. Doc. [24]. No other attorney entered for C.A. Jones, so the Court struck C.A. Jones's motion to

[1] On a motion for default judgment, the Court must accept as true the facts alleged in the Complaint. *See Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (a defendant has no standing to contest the factual allegations in a complaint once the clerk has entered default).

dismiss and granted Plaintiffs' Motion for Default Order to Compel Accounting for the period between January 1, 2021, and May 31, 2025. *Id.* The Court ordered Defendants to move for a default judgment for a sum certain. Doc. [24]. After conducting audits of Plaintiffs' records, Defendants moved for default judgment claiming that Defendants are entitled to a judgment for $2,129,537.32. Doc. [33].

## LEGAL STANDARD

Entry of default by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a) is a prerequisite to the grant of default judgment under Rule 55(b), but whether to grant default judgment is a separate question within the discretion of the Court. *See Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015); *Johnson v. Dayton Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). Before entering a default judgment, "a court should satisfy itself that the moving party is entitled to judgment by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim." *Carpenters' Dist. Council of Greater St. Louis & Vicinity v. Hard Rock Founds., LLC*, 2013 WL 6037097 at *1 (E.D. Mo. Nov. 14, 2013).

"Once a default has been entered on a claim for an indefinite or uncertain amount of damages, 'facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding.'" *Cutcliff v. Reuter*, 791 F.3d 875, 882 (8th Cir. 2015) (quoting *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001)); *Greater St. Louis Constr. Laborers Welfare Fund v. Diestelkamp Cont.*, LLC, 2025 WL 1651842 at *1 (E.D. Mo. June 11, 2025). A plaintiff must "prove its actual damages to a reasonable degree of certainty." *Everyday Learning*, 242 F.3d at 819. "[G]eneric reference to evidentiary support for the damages" is insufficient. *Stephenson v. El-Batrawi*, 524 F.3d 907, 917 (8th Cir. 2008). The decision whether to conduct an evidentiary hearing is within the discretion of a trial court. *Cutcliff*, 791 F.3d at 882. Courts can determine damages on the basis of affidavits and documentary evidence in the record that make the amount of damages "readily discernable." *Id.*

## DISCUSSION

Plaintiffs are entitled to a default judgment. The Clerk of Court entered a default against the defendant on June 18, 2025. Doc. [17]. Defendant C.A. Jones, Inc., is a corporation and its failure to respond to the Complaint and to appoint substitute counsel in accordance with the Court's order makes a default judgment in favor of Plaintiffs appropriate. *See Forsythe v. Hales*,

255 F.3d 487 (8th Cir. 2001) (failure to engage in discovery, appear at depositions, and, "[m]ost significantly," to engage counsel admitted to practice before the district court provides "ample basis for a grant of default judgment"). Taking the allegations in the Complaint as true and based on the documentation and affidavits submitted, Plaintiffs have adequately asserted a breach of the Collective Bargaining Agreement to which Defendant is a party. Doc [13-2]. Defendant was bound at all relevant times by a valid Collective Bargaining Agreement, and it breached its obligations by failing to timely pay the required contributions. *See* Docs. [1], [13-1], [13-2], [13-3].

Under 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to recover all of the unpaid contributions owed, plus liquidated damages totaling up to 20% of the delinquency, interest, and reasonable attorneys' fees and costs. Plaintiffs adequately demonstrated the amount of damages to which they are entitled by conducting an audit and verifying the amount of interest and attorneys' fees through affidavits. *See Cutcliff*, 91 F.3d at 883 (finding affidavits and documentary proof of investment sufficient to establish damages); *Hawthorne*, 2025 WL 2591620, at *3 ("The Court 'may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment.'"). Plaintiffs have established through both a copy of the audit report and the affidavit of Brad Soderstrom that the total amount of unpaid contributions is $1,530,774.84. *See* Docs. [33], [33-1], [33-2]. According to the affidavit of John Conklin, liquated damages on the unpaid contributions total $306,154.99 and the interest due on the delinquent contributions is $274,341.99. *See* Docs. [33], [33-3]. Plaintiffs also submitted the affidavit of Greg A. Campbell, who attests that Plaintiffs incurred $2,668.00 in legal fees and $552 in costs. Doc. [33-4]. The Court finds the fees and costs to be reasonable.

Plaintiffs have adequately demonstrated that they are entitled to the audit fees sought. Affiant Brad Soderstrom calculates that Plaintiffs will be billed $15,045.50 for the audit services. Doc. [33-1]. Courts have awarded audit fees in similar cases. *See, e.g.*, *Greater St. Louis Constr. Laborers' Welfare Fund, et al., v. A Shining Store, Inc.*, 547 F.Supp.2d 997 (E.D. Mo. 2008); *Greater St. Louis Constr. Laborers' Welfare Fund, et al., v. Don Richardson*, 775 F. Supp. 1249 (E.D. Mo. 1991).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment, Doc. [32], is **GRANTED**, and Plaintiffs shall recover from Defendant C.A. Jones in the amount of $2,129,537.32.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 11th day of September, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT COURT